**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

WAYNE LEE, SR.                                                    CIVIL ACTION

VERSUS                                                              NO. 04-1497

CENTRAL GULF TOWING, L.L.C., ET AL.                    SECTION "K"(2)

## ORDER AND REASONS

Pending before the Court are the following motions:

1)   Motion in Limine to Exclude Testimony of Expert Economist, Dr. Kenneth Boudreaux (Doc. No. 88) filed by plaintiff;

2)   Motion in Limine to Exclude the Defendants' Liability Expert, Norm Dufour (Doc. No. 89) filed by plaintiff;

3)   Motion in Limine to Limit the Testimony of Plaintiff's Medical Experts to Opinion Contained Within their Timely Exchanged Reports and to Exclude Any Opinions Not Contained Within Their Timely Exchanged Reports (Doc. No. 90) filed by defendants;

4)   Motion to Exclude and/or Limit the Testimony of Nathaniel Fentress (Doc. No. 91) filed by defendants;

5)   Motion to Exclude and/or Limit the Testimony and Report of G. Randoph Rice (Doc. No. 93) filed by defendants;

6)   Motion to Exclude the Alleged Sketch of the Front Cargo Hold Ladder of the M/V JANE and to Prohibit Witnesses from Referencing the Sketch (Doc. No. 94) filed by defendants;

7)      Motion to Exclude the Testimony of Ajay K. Suda (Doc. No. 95) filed by defendants.[1]

As this Court has previously stated in *Hebbler v. Turner*, 2004 WL 414821 (March 1, 2004), "'Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence. '" (citing *Hidden Oaks Limited v. City of Austin*, 138 F. 3d 1036, 1050 (5th Cir. 1998)).  Federal Rule of Evidence 702 which governs the admissibility of expert testimony states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.  The present rule was amended in 2000 to reflect the United States Supreme Court's decisions of *Daubert*, 509 U.S. 579, 113 S. Ct. 2786 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999).  *Daubert* changed the criteria for the admissibility of expert testimony and charged trial courts to act as "gate-keepers" to ensure that the proffered testimony is both relevant and reliable.  *Daubert*, 509 U.S. at 589, 592-93, 113 S. Ct. at 2795, 2796.  *Kumho Tire* held that the relevant and reliable standard announced in *Daubert* for scientific expert testimony applied to all types of expert testimony.  Id., 526 U.S. at 147, 119 S. Ct. at 1171.

---

[1]  A Motion to Exclude and/or Limit the Testimony of Robert Borison and to Exclude Any Reference to OSHA Regulations (Doc. No. 92) was also filed by defendants and shall be the subject of a separate ruling.

*Daubert* provides a two-prong test for the trial judge to determine the admissibility of expert testimony. The court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592, 113 S. Ct. at 2796. Both prongs of the *Daubert* test must be satisfied before the proffered expert testimony may be admitted. *Id.* at 595, 113 S. Ct. at 2796. This analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.*

Thus, the first prong of *Daubert* focuses on whether the expert testimony is based on a reliable methodology. In determining an expert's reliability, the Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595, 113 S. Ct. at 2797, 125 L.Ed.2d at 484. Several factors which may be considered in determining the soundness of the scientific methodology include:

1)    whether the theory or technique can be and has been tested;

2)    whether the theory or technique has been subjected to peer review and publication;

3)    the known or potential rate of error and the existence and maintenance of standards; and

4)    whether the theory or technique used has been generally accepted.

*Id.* at 593-94, 113 S. Ct. at 296-97, 125 L.Ed.2d at 482-83. These factors do not constitute a definitive checklist or test. *Kuhmo Tire*, 526 U.S. at 144, 119 S. Ct. at 1175. Instead, they compose

a nonexclusive, flexible test to ascertain the validity or reliability of the methodology the expert

employed. *Id.* The applicability of each factor depends on the particular facts of the case. *Id*.

The second prong, that is whether the proposed testimony will assist the trier of fact to

understand or determine a fact in issue, goes primarily to the issue of relevancy. *Daubert*, 509 at

591. Indeed, this examination is described in *Daubert* as whether expert testimony proffered in the

case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.

*Id. citing United States v. Downing,* 753 F.2d 1224, 1242 (3rd Cir. 1985). As noted in *Cunningham*

*v. Bienfang*, 2002 WL 31553976 (N.D. Tex. Nov. 15, 2002), Fed. R. Evid. 401 defines "relevant

evidence" as that which has "any tendency to make the existence of any fact that is of consequence

to the determination of the action more probable or less probable than it would be without the

evidence."

When expert testimony is challenged under *Daubert*, the burden of proof rests with the party

seeking to present the testimony. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998).

To meet this burden, that party cannot simply rely on the relevant expert's assurances that he or she

has utilized generally accepted scientific methodology. Rather, some objective, independent

validation of the expert's methodology is required. *Id.* Nonetheless, as Judge Vance stated in

*Scordill v. Louisville Ladder Group, L.L.C.*, 2003 WL 22427981 (E.D.La. October 24, 2003):

> The Court notes that its role as a gatekeeper does not replace the traditional
> adversary system and the place of the jury within the system. *See Daubert*, 509 U.S.
> at 596. As the *Daubert* Court noted, "[vigorous cross-examination, presentation of
> contrary evidence, and careful instruction on the burden of proof are the traditional
> and appropriate means of attacking shaky but admissible evidence." *Id*. (citing *Rock*
> *v. Arkansas,* 483 U.S. 44, 61, 107 S. Ct. 2704, 97 L.Ed.2d 37 (1987). The Fifth
> Circuit has added that, in determining the admissibility of expert testimony, a district

court must defer to "'the jury's role as the proper arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion rather than its admissibility and should be left for the jury's consideration.'" *United States v. 14.38 Acres of Land, Mor or Less Sit. in Leflore County, Miss.* 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

*Scordill*, at *3.  With these parameters in mind the Court will now turn to these  motions in limine seriatim.

**1)      Motion in Limine to Exclude Testimony of Expert Economist, Dr. Kenneth Boudreaux (Doc. No. 88)**

Having reviewed the motion, memoranda and the applicable law,

**IT IS ORDERED** that the Motion is **GRANTED** with respect to any opinions  based on the Camus Report.  The Court has reviewed every reported cases and/or every case that it could find as reported by Westlaw involving the Camus report.  The Court could not find any case post-*Marcel v. Placid Oil Co.*, 11 F.3d 563 (5th Cir. 1994), allowing an opinion based on the Camus Report.  The Court notes that Judge McNamara in *Compton v. Torch, Inc.*, 2000 WL 877017 (E.D.La. June 28, 2000),  deferred ruling on a motion in limine involving the Camus Report until "the Court has reviewed in its entirety, the Camus Report upon  which *any* expert, including but not limited to J. Stuart Wood, has relied upon (in whole or in part) to give an opinion about plaintiff's work life, loss or (sic) economic earnings and/or earning capacity, and any other aspect of this case."  The Court notes that Dr. Boudreaux was testifying for the plaintiff in that case.

For the reasons enunciated by the court in *Marcel*, specifically that there was no indication of how oilfield work life differs from other occupations,  and the very age of the Camus Report

(1980-1984) renders it suspect in and of itself and of course does not include the substantial safety

measures that have occurred in the oilfield including internal policies within respective companies,

OSHA regulations and the like.

Therefore, the Court does not find the Camus Report sufficiently reliable under *Daubert*

keeping in mind it is the burden of the party proposing the opinion to prove its reliability.


**2)      Motion in Limine to Exclude the Defendants' Liability Expert, Norm Dufour (Doc. No. 89)**

Based on the *Daubert* analysis referred to above,

**IT IS ORDERED** that the Motion is **DENIED**.   The Court finds that Mr. Dufours

qualifications are sufficient and that any questions concerning his opinions should be addressed by

cross-examination.


3)      **Motion in Limine to Limit the Testimony of Plaintiff's Medical Experts to Opinion Contained Within their Timely Exchanged Reports and to Exclude Any Opinions Not Contained Within Their Timely Exchanged Reports (Doc. No. 90)**

Based on the Court's review of the memoranda and the law,

**IT IS ORDERED** that the Motion is **GRANTED**.  The Court will determine if the relevant

expert's testimony is sufficiently within the ambit of their respectively timely filed expert reports.

If not, the opinion will be excluded.  Plaintiff has filed no request for leave to file supplemental

reports and will be limited to the opinions rendered in the timely filed reports.

4)      **Motion to Exclude and/or Limit the Testimony of Nathaniel Fentress (Doc. No. 91)**

**IT IS ORDERED** that the Motion is **GRANTED** to the extent that the Court finds that Nathaniel Fentress shall not be allowed to the testify with respect to the following specific statements contained in his opinion:

Impression 1:   "Mr Lee is obviously temporarily medically disabled from re-entering and maintaining gainful employment."

Impression 2:   "Mr. Lee's back injury is such that more probably than not he will remain totally disabled from these occupations throughout his work life expectancy."

5)      **Motion to Exclude and/or Limit the Testimony and Report of G. Randoph Rice (Doc. No. 93)**

**IT IS ORDERED** that the Motion is **GRANTED** in part and **DENIED** in part.  To the extent the motion seeks to exclude the testimony of Dr. Rice, it is denied.  The parties in this case have been peculiarly contentious and filed a plethora of motions which have been absurdly prolix. The Court cannot even fathom the amount of attorney hours and expense expended on stream of consciousness briefs with voluminous attachments.  If Dr. Rice is wrong, it will be brought out on cross-examination.  If there is no evidence to support his expert opinion, this will be brought out on cross-examination.  Moreover, counsel for plaintiff has stated  in his memorandum  that if there is no proof of the particular item of damage, that item would be eliminated from Dr. Rice's testimony. Therefore, to the extent that there is no evidence adduced to support the opinion, the opinion will be limited accordingly.

6)      **Motion to Exclude the Alleged Sketch of the Front Cargo Hold Ladder of the M/V JANE and to Prohibit Witnesses from Referencing the Sketch (Doc. No. 94)**

**IT IS ORDERED** that a ruling on this motion is **DEFERRED**. Plaintiff contends that crew member Toby Arceneaux prepared the sketch and the plaintiff's brother also testified to that effect. Arceneaux denies making the sketch. This issue is one of credibility. The Court will require plaintiff to lay a sufficient foundation to authenticate the sketch prior to it being admitted as evidence. In the event that it is not admitted, plaintiff's experts must render their opinions on information other than that based on the sketch.

7)      **Motion to Exclude the Testimony of Ajay K. Suda (Doc. No. 95)**

**IT IS ORDERED** that the Motion is **DENIED**. This motion is not what is contemplated by *Daubert*. Ultimately, lawyers, hopefully, learn the skill of cross-examination. Hopefully, lawyers select jurors who are sufficiently perspicacious to discern fact from fiction, right from wrong, error from accuracy. This is one of those situations. This Court has at least one *Daubert* motion in every case with an impending trial date. Ninety-percent of them is not what was contemplated by *Daubert* and its progeny.

The Court is mindful of its ruling deferring the admissibility of the sketch, and in the event the sketch is not admitted, the expert testimony will be limited accordingly.

New Orleans, Louisiana, this 27th day of July, 2005.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE